**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ALMAH LLC, a Delaware limited liability corporation and SL GREEN REALTY CORPORATION, a Maryland corporation, | ) ) ) ) | |
| | ) | C.A. No.: N15C-01-237 EMD |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | TRIAL BY JURY OF TEWLVE DEMANDED |
| LEXINGTON INSURANCE COMPANY, a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

Submitted: June 16, 2016
Decided: June 20, 2016

**ORDER REFUSING LEXINGTON INSURANCE COMPANY'S
APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
OF THE COURT'S JANUARY 27, 2016 RULING AND
MAY 24, 2016 ORDER DENYING RECONSIDERATION**

This 20th day of June, 2016, upon consideration of Application of Defendant Lexington Insurance Company for Certification of an Interlocutory Appeal of This Court's January 27, 2016 Memorandum Opinion and May 24, 2016 Order Denying Reconsideration (the "Application") filed by Defendant Lexington Insurance Company ("Lexington") on June 3, 2016; Plaintiffs' Opposition to Application of Defendant Lexington Insurance Company for Certification of an Interlocutory Appeal filed by Plaintiffs Almah LLC and SL Green Realty Corporation ("Plaintiffs") on June 16, 2016; the Court's January 27, 2016 Ruling on (1) Plaintiffs Almah LLC and SL Green Realty Corporation's Motion for Judgment on the Pleadings and (2) Defendant's Motion for Summary Judgment (the "Ruling"); the Court's May 24, 2016 Order Denying Reconsideration of the January 27, 2016 Ruling (the "Order"); Rule 42 of the Supreme Court Rules ("Rule 42"); and the entire record of this civil action,

1.      Rule 42(b) provides the applicable standard to be exercised as to certification and acceptance of an interlocutory appeal. "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[1] In deciding whether to certify an interlocutory appeal, the trial court must consider: (1) the eight factors listed in Rule 42(b)(iii);[2] (2) the most efficient and just schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[3] "If the balance [of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[4]

2.      Initially, the Court must determine if the Ruling and the Order that Lexington seeks certification of decide substantial issues of material importance that merit appellate review before final judgment."[5] The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[6]

---

[1] Del. Supr. Ct. R. 42(b)(i).
[2] Delaware Supreme Court Rule 42(b)(iii) provides:
    [T]he trial court should consider whether;
       (A) The interlocutory order involves a question of law resolved for the first time in this State;
       (B) The decisions of the trial courts are conflicting upon the question of law;
       (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
       (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
       (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
       (F) The interlocutory order has vacated or opened a judgment of the trial court;
       (G) Review of the interlocutory order may terminate the litigation; or
       (H) Review of the interlocutory order may serve considerations of justice.
Del. Supr. Ct. R. 42(b)(iii).
[3] *Id.*
[4] *Id.*
[5] Del. Supr. Ct. R. 42(b)(i).
[6] *Id.*; *Sprint Nextel Corp. v. iPCS, Inc.*, C.A. No. 3746-VCP, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) ("The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters.").

2

3. Lexington argues that there is a substantial issue of material importance: the Ruling would "driv[e] up the cost of doing business in this State" because the Court created a new standard for interpreting flood insurance policies.[7]

4. The Court does not agree that the Ruling created a new standard for flood insurance cases. Insurance policies are contracts.[8] Here, the Court was tasked with interpreting one specific insurance policy. Applying generally accepted legal principles for contract interpretation, the Court found the relevant insurance policy, and the language at issue in that policy, to be unambiguous.[9] The Court then went through the terms of the insurance policy and determined that a flood sublimit applied only to certain claims. The Ruling did not create a new standard for all flood insurance policies, or how courts should review flood insurance policies differently from other types of insurance policies. In a case with an identical insurance policy, the Court would come to the same conclusion. In a case with an insurance policy that contained different language, however, the Court might come to a different conclusion.

5. Lexington offered no other grounds to show that there was a substantial issue of material importance. Therefore, the Court finds that this prong was not met.

6. Even if Rule 42(b)(i) were satisfied, the Court is not convinced that Lexington can meet any of the factors listed in Rule 42(b)(iii) except for (G). Lexington argues that an interlocutory appeal of the Ruling could terminate the litigation if the Supreme Court grants Lexington's motion for judgment on the pleadings and that an interlocutory appeal would be more efficient. Lexington further contends that an interlocutory appeal would "serve considerations of justice" because the Ruling meant that the Plaintiffs were defending a decision

---

[7] Application of Defendant Lexington Insurance Company for Certification of an Interlocutory Appeal of This Court's January 27, 2016 Memorandum Opinion and May 24, 2016 Order Denying Reconsideration at 4-5 [hereinafter Application].

[8] *O'Brien v. Progressive Northern Ins. Co.*, 785 A.2d 281, 286 (Del. 2001).

[9] Ruling at 8-12.

that denied their motion in part and Lexington was asking the Court to reconsider a decision that granted its motion in part. In addition, Lexington argues that there are considerations of justice because the Court adopted a "middle-ground approach" but also "purport[ed] to rule in favor of only 'one of the parties.'"[10]

7.      Lexington likely met the factor in Rule 42(b)(iii)(G). In the Ruling, the Court noted that "[w]hether under Civil Rule 12(c) or Civil Rule 56, the parties made it clear to the Court that they did not believe there were any genuine issues as to any material facts and that one of the parties, Plaintiffs or Lexington, was entitled to judgment as a matter of law."[11] Accordingly, if the Supreme Court accepted the interlocutory appeal and overturned the Ruling, granting Lexington's motion for judgment on the pleadings and denying Plaintiffs' motion for judgment on the pleadings, then the litigation would, most likely, be terminated.

8.      Rule 42(b)(iii)(H) does not apply. The positions taken by Plaintiffs and Lexington may appear unusual, but Lexington's concerns are about semantics not substance. The Court does not see how an interlocutory appeal of the Ruling and the Order would serve considerations of justice. The Court ruled on the Time Element/Flood coverage issue raised in the litigation. The Court noted that Plaintiffs' other claims must be addressed on an item-by-item basis to determine whether the claims are to be handled under other provisions of the policy.[12] The Court did not come to this ruling as a "middle-ground approach." Rather, the Court made its determination based on the relevant facts provided by the parties, the insurance policy as applied to those facts, and the applicable law. Merely because the Court did not

---

[10] Application at 8 (quoting Application, Exhibit A at 8).
[11] Ruling at 8.
[12] *Id*. at 11-12 (stating, "[t]he parties should be able to do this by applying the plain language of the Policy. For example, Plaintiffs' claim for 'Debris Removal', *if* made under PROPERTY DAMAGE – SECTION B.3.G DEBRIS REMOVAL, would be a separate claim subject to its applicable limitation of liability – which in this case is $5,000,000." (emphasis added)).

entirely agree with one litigant or the other does not mean that it was attempting to reach some "Soloman" type middle ground.

9.     The Court considered factors (A)-(F) but finds that these factors are not relevant.

10.     For the reasons set forth above, the Court does not believe that the Ruling has a substantial issue of material importance that merits appellate review before a final judgment. The Court further finds that Lexington failed to show that the interlocutory appeal is the most efficient and just way to resolve this case, that there will be benefits to an interlocutory appeal that outweigh probable costs, or that more than one of the factors in Rule 42(b)(iii) are satisfied. The Court finds, therefore, that Lexington has not met the strict standards for certification under Rule 42.[13]

**IT IS HEREBY ORDERED** that the certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court is hereby **REFUSED** and the Application of Defendant Lexington Insurance Company for Certification of an Interlocutory Appeal of This Court's January 27, 2016 Memorandum Opinion and May 24, 2016 Order Denying Reconsideration is **DENIED**.

Dated:  June 20, 2016
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge

---

[13] *See, e.g., Liberty Mut. Ins. Co. v. Silva-Garcia*, C.A. No. N12A-03-003 CLS, 2012 WL 4165653, at *3 (Del. Super. Sept. 5, 2012) ("[B]efore the Supreme Court will accept an interlocutory appeal, the party seeking the appeal must adhere to the strict requirements set forth in the rule.").